# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL EX REL. GLENN SCHWARZ, <br> Petitioner, | DOCKET NUMBER <br> CB-1208-17-0022-U-1 |
| v. | |
| DEPARTMENT OF THE NAVY, <br> Agency. | DATE: June 30, 2017 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Malvina Winston, Washington, D.C., for the petitioner.

Cheri L. Cannon, Esquire, Washington, D.C., for the relator.

Malcolm G. Schaefer, Cherry Point, North Carolina, for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the reinstatement of Mr. Schwarz's removal while OSC completes its investigation and legal review of the matter and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2     In its June 28, 2017 stay request, OSC alleges that it has reasonable grounds to believe that on June 8, 2017, the Department of the Navy (Navy) reinstated Mr. Schwarz's removal, which previously had been held in abeyance pursuant to a settlement agreement, as a result of a prohibited personnel practice.[2]  OSC alleges that Mr. Schwarz made disclosures beginning in September 2013 through his chain of command and in a disclosure complaint to OSC on June 9, 2015, that employees were improperly testing aircraft fueling equipment and fuel and improperly and hazardously disposing of jet fuel.  OSC states that, after it referred Mr. Schwarz's disclosures for further investigation to the Secretary of the Navy, an investigation by the Navy Inspector General substantiated the disclosures.  In particular, OSC contends that a Navy report found that employees did not properly test aircraft fueling equipment or jet fuel, thereby creating a safety risk, and that by not properly testing jet fuel, employees wasted Government resources by unnecessarily discarding thousands of gallons of jet fuel.

¶3     OSC also contends that on June 8, 2017, the Navy issued Mr. Schwarz a notice of reinstatement of removal for failing to comply with the performance and conduct standards of the settlement agreement.  OSC maintains that Mr. Schwarz's protected disclosures and activities were a contributing factor in the decision to reinstate his removal because it was issued 9 months after he filed his prohibited personnel practices complaint and 15 months after OSC publicized

---

[2] OSC states that on September 10, 2016, Mr. Schwarz filed a complaint of prohibited personnel practices alleging whistleblower reprisal, which was resolved via a November 22, 2016 settlement agreement in which the Navy agreed to hold Mr. Schwarz's removal in abeyance for 2 years subject to his compliance with certain performance and conduct standards.

the results of the agency's investigation and identified Mr. Schwarz as the whistleblower.  OSC also maintains that other circumstantial evidence supports an inference of contributing factor.

## ANALYSIS

¶4          Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶5          To establish a prima facie case of whistleblower retaliation, OSC must show that the employee made a protected disclosure or engaged in protected activity that was a contributing factor in the challenged personnel action.  *See id.*, ¶ 7; *see also Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014).  A disclosure is protected under 5 U.S.C. § 2302(b)(8) if the individual has a reasonable belief that the information being disclosed evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014).  The standard for evaluating the reasonableness of the belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable to the employee could reasonably conclude that the actions of the Government evidence one of these types of wrongdoing.  *Id.*

¶6     It appears that Mr. Schwarz reasonably believed that he was disclosing a substantial and specific danger to public health or safety and a violation of law, rule, or regulation when he disclosed that employees were improperly testing aircraft fueling equipment and fuel and improperly and hazardously disposing of jet fuel. Based on OSC's assertions, the Navy report substantiated that the appellant's disclosures amounted to violations of Navy rules and created a safety risk. It also appears that Mr. Schwarz participated in protected activities, as defined by 5 U.S.C. § 2302(b)(9)(C) and (b)(9)(A)(i), by cooperating with and disclosing information to OSC and filing complaints with OSC.

¶7     The contributing factor element may be established through the knowledge/timing test, i.e., that the official taking the personnel action knew of the protected disclosure or activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). According to OSC, it is reasonable to infer that the responsible officials had knowledge of Mr. Schwarz's disclosures based upon the Navy's report that was made public and OSC's press release, both of which identified Mr. Schwarz as the whistleblower. OSC further contends that the agency was aware of Mr. Schwarz's prohibited personnel practices complaint because it participated in a mediation regarding that complaint and the agency referenced Mr. Schwarz's communications with OSC in its notice of reinstatement of his removal.

¶8     OSC further indicates that the notice of reinstatement occurred within 9 months after Mr. Schwarz filed his prohibited personnel practices complaint. *See Mastrullo*, 123 M.S.P.R. 110, ¶ 21 (recognizing that a personnel action taken within approximately 1 to 2 years of an appellant's protected disclosures satisfies the knowledge/timing test). In addition, OSC contends that attendant circumstances suggest that Mr. Schwarz's protected disclosures and/or activities

were a contributing factor in the decision to reinstate his removal. In particular, OSC alleges that the removal notice directly referenced his communications with OSC and the agency's reasons for reinstating the removal action are weak and lack a nexus to Government efficiency.

¶9 Considering the deference that generally should be afforded to OSC in the context of an initial stay request, and the assertions made in its stay request, there are reasonable grounds here to believe that the Navy reinstated Mr. Schwarz's removal based on his protected disclosures and protected activity in violation of 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), and (b)(9)(C).

**ORDER**

¶10 Based on the foregoing, granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of Mr. Schwarz's removal is GRANTED. The stay shall be in effect from June 30, 2017, through and including August 13, 2017. It is further ORDERED that:

(1) During the pendency of this stay, Mr. Schwarz shall be reinstated to the position he held prior to the notice of reinstatement of the removal action and the Navy shall not effect his removal;

(2) The agency shall not effect any changes to Mr. Schwarz's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement that is not required of other employees of comparable position, salary, or grade level;

(3) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub L. No. 115-42,[3] must be

---

[3] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before July 28, 2017; and

(5) Any comments on such a request that the Navy wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board on or before August 4, 2017.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.